CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 31 2011

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS D. YOUNG, | ) | CASE NO. 7:11CV00213 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| VA DEP'T OF CORRECTIONS, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Marcus D. Young, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he suffered a broken leg while incarcerated. Young sues only the Virginia Department of Corrections (VDOC), seeking a monetary settlement. For the reasons stated, the court concludes that his complaint must be summarily dismissed.

I

Young indicates that he is incarcerated at Marion Correctional Treatment Center (MCTC). His allegations are terse and, at times, illegible. The court construes his complaint as stating:

> I was in MCTC Part 2H and I was asleep and a[n] inmate name[d] Houton was [in] my room and was asleep and I was being cut to death by him. I woke out of my sleep and stop myself from d[ying] and had a [f]ight with him inside of the gem [sic]. And I had f[aught] with [illegible] in fell on the floor in the gem [sic] with a broke[n] leg and was sent to Marion [illegible] in Marion, VA, and received treatment for a broken leg that I do not know how it got broken. I want to receive[ ] relief [for this] injury.

(Complaint 2.) Young also states in a cover letter that it is his left leg that was injured and that he talked to an investigator about the injury and wrote down that he wanted a "sellerment [sic]," but cannot remember what the investigator told him.

# II

## A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that this exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to follow the required procedures of the prison's administrative remedy process or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson, 407 F.3d at 682.

Young states on the front page of his compliant that he did not file any grievances concerning the facts of his claims before filing this lawsuit. He offers no reason for failing to do so. As it is clear by this admission that he did not comply with the exhaustion requirements of § 1997e(a), the court will dismiss the action without prejudice.

## B. Failure to State a Claim

In the alternative, the action must be dismissed without prejudice, pursuant to § 1915A(b)(1), because for several reasons, Young's allegations fail to state any constitutional claim actionable claim under § 1983. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color

2

of state law. West v. Atkins, 487 U.S. 42 (1988). The factual allegations in the complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

First, Young has not named a proper defendant to his § 1983 claims. Because the VDOC must be considered an arm of the Commonwealth of Virginia, it is not a "person" that can be sued under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989).

Second, Young does not allege any facts indicating that his injury resulted from the actions or omissions of any state official. Indeed, he admits that he does not know how his leg was broken. He offers no indication that he notified prison officials before his injury that his cell mate posed a serious threat to his safety, such that officials would have known of a need to protect Young from his cell mate, or that any official could have intervened in the fight in time to prevent the injury. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (for Eighth Amendment claim of failure to protect, requiring a showing that prison officials knew of substantial risk of harm and failed to respond reasonably). The Eighth Amendment is not violated by negligent failure to protect inmates from violence. Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991). Thus, Young's allegations are insufficient to "raise a right to relief above a speculative level" so as to survive screening under § 1915A(b)(1), and his complaint must be summarily dismissed without prejudice.

## III

For the reasons stated, the court dismisses Young's complaint without prejudice for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of May, 2011.

_____
Chief United States District Judge